## PAINE v. SNOWDEN.

*(Circuit Court of Appeals, Third Circuit. April 29, 1892.)*

DESIGN PATENTS—NOVELTY—CHAIR BACKS.
    Design patent No. 13,405, issued November 14, 1882, to Henry H. Paine for a design for common round bow-back chairs, consisting in the upper part of the bow and rounds provided with a sheet of suitable material, as wood, bent to conform to the curvature of the bow-back and rounds, leaving the rounds between the sheet and seat exposed, is void for want of novelty. Affirming 46 Fed. Rep. 189.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

In Equity. Suit by Henry H. Paine against William H. Snowden for infringement of a patent. The bill was dismissed below, (46 Fed. Rep. 189,) and complainant appeals. Affirmed.

*Horace Pettit*, for appellant.

*H. T. Fenton*, for appellee.

Before ACHESON, Circuit Judge, and WALES and GREEN, District Judges.

ACHESON, Circuit Judge. This was a suit in equity for the infringement of letters patent dated November 14, 1882, granted to Henry H. Paine, the complainant below and appellant, for a design for chairs. The patent has four claims. The first and leading claim is as follows:

"(1) The improved design for common round bow-back chairs, consisting in the upper part of the bow and rounds provided with a sheet of suitable material, as wood, bent to conform to the curvature of said bow-back and

rounds, leaving the rounds between said sheet and seat exposed, substantially as and for the purpose specified."

The second claim differs from the first only in providing that the back piece or sheet shall be perforated wood. The third claim is like the second, but calls for a perforated wood seat also. The fourth claim is the same as the first, with the addition of "ornamental nails" to secure the "curved perforated back piece" to the bow and rounds. In his specification the patentee states:

"I prefer to curve the bottom of the plate, E, to improve the design; but, if desired, it may be made perfectly straight."

He further says:

"The depth of the plate may be varied, and also its ornamentation; my invention comprehending, broadly, the design when such a plate is arranged on the upper part of the bow and rounds, leaving the lower parts of the same exposed."

The plate, E, is the sheet or back piece mentioned in the claims. The sheet or back piece shown in the patent drawing has a scalloped lower edge, and ornamentally arranged perforations; but it is quite clear that the patent was not intended to be confined, and is not confined, to the configuration or ornamentation there shown. Moreover, as we have seen, the depth of the plate or back piece "may be varied" at pleasure, and, indeed, under the terms of the claims, may be extended any distance down the back of the chair, provided, only, there is some exposure of the lower parts of the bow and rounds. Certainly, as a patent for a design,—a production intended mainly to appeal to the eye,—the patent in suit has a remarkable scope. But the court below having held that, in view of the prior state of the art, the patent was destitute of invention, we will confine ourselves to the single inquiry whether that conclusion was correct.

It appears that prior to 1882 Gardner & Co. manufactured and sold in the city of New York veneers, chairs, and settees. Their illustrative catalogue, issued and distributed in June, 1882, is an exhibit in the case, and it is shown that the cuts therein contained are true representations of the chairs which they manufactured and sold long before the date of Paine's alleged invention. Those chairs were of different forms, styles, and sizes. The variety was great. Some of the chairs had curved backs, to conform to the shape of the human body. The chairs were provided with perforated veneer seats. They also had pieces of perforated veneer, of various shapes and of ornamental appearance, fastened by nails to the backs of the chairs, and in the instances where the backs were curved the back pieces of veneer were fitted so as to conform to the curvatures. Sometimes the veneer back was continuous with the seat, an unbroken piece of perforated veneer being used for the purpose. In other instances the perforated veneer back piece and the seat piece were separate.

Now, it is true that, among the Gardner illustrations, we do not find the common bow-backed chair; but everything else disclosed by Paine's patent is there to be seen. However, the bow-backed chair—that is, a

chair having a continuous piece bent to form the sides and top of the back, both ends being fastened in the seat—was old. Did it, then, in view of what had already been done, require inventive genius, of any order, to apply to the curved back of such a chair a piece of perforated veneer or sheet of other flexible material? The court below ruled that it did not, and in that judgment we entirely concur.

But, besides the proofs already discussed, this record contains as an exhibit a patent, No. 179,721, granted on July 11, 1876, to Michael Ohmer, for an improvement in chairs. The illustrative drawing of that patent shows a common bow-back chair, with a wooden back piece secured by screws against the front of the top of the bow, and leaving the lower parts of the rounds exposed. Under the ruling in *Gorham Co.* v. *White*, 14 Wall. 511, the conclusion, we think, is well warranted that Ohmer's chair back and Paine's design are substantially identical in appearance. But, at any rate, when the Ohmer chair back is added to the other proofs touching the prior state of the art, it becomes clear, beyond any sort of doubt, that Paine's design possesses no patentable novelty. We are altogether satisfied with the result reached in the court below, and accordingly the decree dismissing the bill is affirmed.